# IN THE UNITED STATES DISTRICT COURT

**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

**JASON HURST,**
Plaintiff,

v.

**KOMOLA EDWARDS, (Individually and in Official Capacity)**
**ANTOINE CALDWELL, (Individually and in Official Capacity)**
**SEAN GITTENS, (Individually and in Official Capacity)**
**JOHN MOORE, (Individually and in Official Capacity)**
**TIMOTHY PHILLIPS, (Individually and in Official Capacity)**
**ANGIE PITTMAN, (Individually and in Official Capacity)**
**MARK SMITH, (Individually and in Official Capacity)**
**WOODROW TRIPP, (Individually and in Official Capacity)**
**GEORGIA DEPARTMENT OF CORRECTIONS,**

Defendants.

**Case No.:**
**JURY TRIAL DEMANDED**

---

# COMPLAINT FOR MALICIOUS PROSECUTION, DEFAMATION, AND DUE PROCESS VIOLATIONS

## I. INTRODUCTION

1. Plaintiff, **Jason Hurst** former officer employed by the **Georgia Department of Corrections (GDC)** at **Johnson State Prison**, brings this action seeking redress for **malicious prosecution, defamation, and due process violations** after being falsely arrested and prosecuted based on **unfounded allegations**, causing irreparable damage to his **career, reputation, and well-being**.
2. Defendants, acting **under color of state law**, knowingly or recklessly caused Plaintiff's **wrongful arrest and prosecution without probable cause**, violating both **Georgia law and federal constitutional rights under the Fourth and Fourteenth Amendments**.

---

## II. JURISDICTION AND VENUE

3.  This Court has **jurisdiction over the federal claims** pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **42 U.S.C. § 1983** (civil rights violations).
4.  This Court has **supplemental jurisdiction** over Plaintiff's **state law claims** pursuant to **28 U.S.C. § 1367**, as they arise from the same facts as the federal claims.
5.  **Venue is proper** in this Court pursuant to **28 U.S.C. § 1391(b)**, as the events giving rise to this action occurred in **Wrightsville, Johnson County, Georgia**, within the jurisdiction of the **Southern District of Georgia, Dublin Division**.

## III. PARTIES

6.  **Plaintiff** Jason Hurst  is a resident of **Wilkinson County, Georgia**, and was, at all relevant times, employed as a **correctional officer** with the **Georgia Department of Corrections (GDC)** at **Johnson State Prison**.
7.  **Defendants**, in their individual and official capacities, include:
    o   **Komola Edwards**
    o   **Antoine Caldwell**
    o   **Sean Gittens**
    o   **John Moore**
    o   **Timothy Phillips**
    o   **Angie Pittman**
    o   **Mark Smith**
    o   **Woodrow Tripp**
8.  Defendant **Georgia Department of Corrections (GDC)** is a **state agency** responsible for overseeing correctional facilities and personnel in Georgia.

## IV. FACTUAL ALLEGATIONS

9.  On **June 18, 2018**, Plaintiff was **wrongfully arrested** based on **false allegations** made by Defendants **without probable cause** and subsequently **indicted twice**:
    o   **2018 Indictment**: Six counts filed against Plaintiff. (**See Exhibit A**)

    o   **2023 Refiled 2018 charges**: Five counts filed, demonstrating the reduction in charges (**See Exhibit B**)

10. Plaintiff was never brought to trail; he instead was subjected to five and ½ years of continually being summoned to court with an actual trial never being held; additionally, Plaintiff was not allowed to provide testimony at the 2018 grand jury hearing, nor the 2023 grand jury hearing.
11. On October 19, 2017, Plaintiff was arrested and booked by the Johnson County Sheriff's Office (**See Exhibit C**)

12. Defendants **failed to investigate exculpatory evidence**, leading to Plaintiff's **wrongful prosecution, suspension, and ultimate termination (See Exhibit D)**

*"As a direct result of Defendants' malicious prosecution and wrongful termination, Plaintiff experienced severe emotional and physical distress. Plaintiff's medical records confirm a substantial decline in health during the five-year period of wrongful prosecution, including:*

- **Increased blood pressure**, requiring the prescriptions of metoprolol and ramipril and regular doctor visits.
- **Increased diabetic symptoms, requiring increased medication interventions**
- **Anxiety and depression symptoms**, for which Plaintiff sought consultation in **beginning in 2020. (See Exhibit E)**

*"Prior to the wrongful prosecution, Plaintiff had an outstanding career with the Georgia Department of Corrections, earning multiple promotions and commendations for his performance. Employment records and personnel evaluations demonstrate:*

- **2003**: Hired as a **Correctional Officer**, receiving high-performance ratings.
- **2014**: Promoted to **Sergeant**, handling emergency response units and high-risk situations.
- **2017**: Promoted to **Lieutenant**
- **2017**: Expected promotion to **Captain**, but was instead **suspended and later terminated** due to wrongful prosecution. **(See Exhibit F)**

13. On **October 19, 2023**, the criminal case against Plaintiff was **dismissed**, confirming the lack of probable cause. **(See Exhibit G– Order for Nolle Prosequi Order)**.

14. On **January 27, 2025**, despite the dismissal, the **Georgia Peace Officer Standards and Training Council (POST)** notified Plaintiff that his **POST certification remains suspended**, preventing him from obtaining **any form of law enforcement employment (See Exhibit H)**

15. On **January 11, 2024**, the **EEOC** issued Plaintiff a **Notice of Right to Sue**. **(See Exhibit I)**.

16. Plaintiff was publicly identified in news reports and agency statements, resulting in severe damage to his professional reputation and personal standing in the community.**(See Exhibit J)**

17. In both the **June 18, 2018** indictment and **March 23, 2023** indictment; Plaintiff was accused of **"MAKING A FALSE STATEMENT ON THE 27TH DAY OF SEPTEMBER 2017**; however, this was an interview, in which Plaintiff denied any wrongdoing, therefore the accusation that a false statement was made further confirmed the malice of forethought on the part of investigator **Timothy Phillips** and the Department of Corrections. **(See Exhibit K)**

# V. CAUSES OF ACTION

## COUNT 1: MALICIOUS PROSECUTION (42 U.S.C. § 1983 – FOURTH & FOURTEENTH AMENDMENTS)

15. Plaintiff incorporates by reference all prior paragraphs.
16. Defendants, acting **under color of state law**, wrongfully initiated and continued Plaintiff's criminal prosecution **without probable cause**, violating his **Fourth Amendment right** against unlawful seizures and **Fourteenth Amendment due process rights**. (**Albright v. Oliver, 510 U.S. 266 (1994)**).

## COUNT 2: MALICIOUS PROSECUTION (GEORGIA STATE LAW – O.C.G.A. § 51-7-40)

17. Plaintiff incorporates by reference all prior paragraphs.
18. Under **O.C.G.A. § 51-7-40**, malicious prosecution occurs when a person is prosecuted **without probable cause and with malice**.
19. Defendants wrongfully initiated and maintained criminal charges against Plaintiff despite knowing they were **baseless**.

## COUNT 3: DEFAMATION (GEORGIA LAW – O.C.G.A. § 51-5-1 et seq.)20.

20. Plaintiff incorporates by reference all prior paragraphs.
21. **Defendants knowingly or recklessly** made **false and defamatory statements** regarding Plaintiff's alleged misconduct.
22. **Under O.C.G.A. § 51-5-10**, slander per se includes **false statements that harm one's profession or accuse them of a crime**, both of which apply here.

## COUNT 4: DUE PROCESS VIOLATION (42 U.S.C. § 1983 – FOURTEENTH AMENDMENT)

23. Plaintiff incorporates by reference all prior paragraphs
24. Defendants **deprived Plaintiff of a protected liberty and property interest** without due process, specifically by **continuing his POST certification suspension despite the dismissal of charges**. (See **Mathews v. Eldridge, 424 U.S. 319 (1976)**).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks:

- **Compensatory damages** for lost wages, emotional distress, and reputational harm.
- **Punitive damages** against individual defendants for willful misconduct.
- **Attorney's fees** under **42 U.S.C. § 1988**.
- **Injunctive relief**, Order expungement of Plaintiff's wrongful arrest and prosecution records; and including **reinstatement of POST certification**.
- **Total damages requested of $2,500,000.00** representing economic loss, reputational harm, medical costs, emotional distress, and punitive damages.
- **Grant such other relief as this court deems just and proper.**

---

## EXHIBITS

- **Exhibit A** – 2018 Indictment
- **Exhibit B** – 2023 Indictment
- **Exhibit C** – Arrest & Boking Record
- **Exhibit D** – Exculpatory Evidence
- **Exhibit E** – Medical Records
- **Exhibit F** – Promotions/Exceptional Service Records
- **Exhibit G** – October 2023 Nolle Prosequi Order
- **Exhibit H** – POST Certification Denial
- **Exhibit I – EEOC Right to Sue Letter**
- **Exhibit J – News Reports/Agency memos**
- **Exhibit K** – Accusations of false statements; despite proof

## JURY TRIAL DEMANDED

Respectfully submitted,

**Jason Hurst**
**115 Sheppard Street**
**Toomsboro, GA 31090**

478-233-0467(phone)
Terrellsr84@gmail.com

# Evidentiary Summary for Submission

### United States District Court
### Southern District of Georgia – Dublin Division

**Plaintiff: Jason Hurst**

**Defendants: Komola Edwards, Antoine Caldwell, Sean Gittens, John Moore, Timothy Phillips, Angie Pittman, Mark Smith, Woodrow Tripp, and Georgia Department of Corrections**

Case Type: Civil Rights - Malicious Prosecution, Defamation, and Due Process Violations

## EVIDENTIARY SUMMARY

| Exhibit | Description | Purpose |
|---|---|---|
| A | 2018 Indictment (Six counts) | Shows initial false charges initiated without probable cause |
| B | 2023 Re-indictment (Five counts) | Demonstrates continuation of prosecution without trial |
| C | Arrest and Booking Record | Documents unlawful arrest and booking |
| D | Exculpatory Evidence | Proves failure to investigate or consider mitigating facts |
| E | Medical Records | Corroborates emotional/physical harm during the 5+ years of prosecution |
| F | Personnel Records and Promotion History | Establishes Hurst's exemplary employment record |
| G | October 2023 Nolle Prosequi Order | Confirms lack of prosecutable evidence and dismissal of case |
| H | POST Certification Suspension Letter | Documents ongoing employment consequences despite dismissal |
| I | EEOC Right to Sue Letter | Indicates exhaustion of administrative remedies for employment-related harms |
| J | News Articles / GDC Statements | Evidence of reputational harm and public defamation |
| K | Polygraph Omission Evidence | Supports malice and fabrication in false statement charge |

Respectfully submitted,

Jason Hurst

115 Sheppard Street
Toomsboro, GA 31090
(478) 233-0467
Terrellsr84@gmail.com

**EXHIBIT A**
**2018 Indictment**
This exhibit contains a copy of the 2018 indictment against Plaintiff, detailing the charges initially brought against him. It serves as evidence of the malicious prosecution and the lack of probable cause underlying the case.

NO. 2018-CR-25

## JOHNSON SUPERIOR COURT
## JUNE 2018 TERM
## THE STATE OF GEORGIA

### VS.

### JASON HURST

### CHARGE(S):

**CT. 1: VIOLATION OF OATH BY PUBLIC OFFICER**
**CT. 2: SIMPLE BATTERY**
**CT. 3: SIMPLE BATTERY**
**CT. 4: SIMPLE BATTERY**
**CT. 5: INFLUENCING A WITNESS**
**CT. 6: MAKING A FALSE STATEMENT**

_True_ BILL

THIS _18_ DAY OF _June_, _2018_.

_Brian_ _____
FOREPERSON

WITNESS APPEARING
BEFORE GRAND JURY:
**MARK SMITH**
**TIMOTHY PHILLIPS**
**BRYAN RENTZ**

CRAIG FRASER
DISTRICT ATTORNEY
P.O. Box 2029
Dublin, GA 31021

FILED IN OFFICE
Johnson County, GA
Date 6-18-2018
Patricia Glover, Clerk
Superior Court

SCANNED
DATE 7|5|18
BY ___

## WITNESSES FOR THE STATE

SHANNON BROWN
ANTOINE CALDWELL
CYNTHIA CHESTER
JAMIE CLARK
DAVID COX
BARBARA CUMMINGS
JEFFREY DUCKWORTH
LESA EDWARDS
SHAWN EMMONS
SEAN GITTENS
DANIEL GREENE
BARBARA GENE HAWKINS
TRACY JEFFERSON
CARLOS J. JONES
JOHNNY MILLER
JOHN MOORE
CLAY NIX
DEWANDA NORRIS
TIMOTHY PHILLIPS
ANGIE PITTMAN
CHERIE PRICE
CARLTON RENFROE
BRYAN RENTZ
MARISSA ROBINSON
KENNETH ROGERS
TIFFANY C SAILEM
KENDRICK SHINE
MARK SMITH
DAISY STEWART
TIM STREETS
WOODROW TRIPP
EDDIE WALKER
MARY J WARTHEN
KIMBERLY WILCOX
JOYCE WOMBLE
HELEN WRIGHT
ALIJAH BANKS
MATTHEW BLACKBURN
ALTON CHITWOOD
EDWARD CROWDER
CHRISTOPHER DRAKE
FREDERICK GREEN
STEPHEN HALL
JAMES HARTZOG
ABE HOLMES
DELANY HOLT
JAMES JONES
BRANDON PENDLETON
INMAR RUBIO-PALAACIOU
STEVEN SWORDS
THURSTON WALLER
CHARLES WILLIAMS
BRANDON WOMACK
WOODY ADAMS
JAMES BLAIR
ROSIE BOX

JAMAL FOREMAN
BYRON HALLETT
BRANDON HAYNES
JASON HURST
KEOLA JAMES
DEMOND JOHNSON
JEREMY JORDAN
CALVIN MASON
ANTHONY MERRITT
TAURUS MOSLEY
WESLEY O'NEAL
ALAN ROYAL
DERON SCOTT
LARRY TIMMONS
MADIA WEST

**SPECIAL PRESENTMENT**

**Georgia, Johnson County**

### IN THE SUPERIOR COURT OF SAID COUNTY

THE GRAND JURORS SELECTED, CHOSEN AND SWORN FOR THE COUNTY OF JOHNSON TO WIT:

1. BRIAN CHARLES GARNTO, FOREPERSON
2. STACY WILLIAM SMITH, CLERK
3. JONATHAN B. HARRISON
4. MARY L. EDGE
5. MICHELLE DENISE MURRAY
6. CURTIS LEE DANIELS
7. KENNETH FOSKEY
8. RICKY LAMAR PROSSER
9. CORY THOMAS BOULINEAU
10. WENDI DANIELLE GRAYBILL
11. KATHALEEN R. WILKERSON
12. CURTRAVIER JAMAL DANIELS

13. JARRED WAYNE HALTEMAN
14. CAROLINE NICOLE SWEAT
15. BRANDI MICHELLE PAULK
16. SHELIA D. FLUKER
17. JOEL PRATT SCOTT, JR.
18. ANNIE CORA DAVIS
19. DARLENE NORRIS
20. WYQUEASHA S. STRICKLAND
21. DORA S. WILLIAMS
22. LASHANDER RENEE WATERS
23.

### COUNT 1

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **VIOLATION OF OATH BY PUBLIC OFFICER,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **BETWEEN THE 1ST DAY OF JANUARY, 2016, AND THE 30TH DAY OF NOVEMBER, 2017, THE EXACT DATE OF THE OFFENSE BEING UNKNOWN TO THE GRAND JURY,** DID UNLAWFULLY, **WILLFULLY, AND INTENTIONALLY, WHILE EMPLOYED AS A CORRECTIONS OFFICER AT THE JOHNSON STATE PRISON, VIOLATE THE TERMS OF HIS OATH OF OFFICE BY PARTICIPATING IN AND FASCILITATING ACTS OF ABUSE AGAINST INMATES WHO WERE INCARCERATED AT THE JOHNSON STATE PRISON, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. SAID OATH IS ATTACHED TO THIS INDICTMENT AS EXHIBIT A. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT.**

## COUNT 2

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **SIMPLE BATTERY,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **ON OR ABOUT THE 27TH DAY OF MAY, 2017,** DID UNLAWFULLY **AND INTENTIONALLY MAKE PHYSICAL CONTACT OF AN INSULTING AND PROVOKING NATURE TO MATTHEW BLACKBURN BY STRIKING THE SAID MATTHEW BLACKBURN, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT.**

## COUNT 3

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **SIMPLE BATTERY,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **ON OR ABOUT THE 3RD DAY OF AUGUST, 2017,** DID UNLAWFULLY **AND INTENTIONALLY MAKE PHYSICAL CONTACT OF AN INSULTING AND PROVOKING NATURE TO CHARLES WILLIAMS BY STRIKING THE SAID CHARLES WILLIAMS, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT.**

## COUNT 4

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **SIMPLE BATTERY,** FOR THAT THE SAID **JASON HURST**, IN THE COUNTY AND STATE AFORESAID, **ON OR ABOUT THE 16TH DAY OF AUGUST, 2017,** DID UNLAWFULLY **AND INTENTIONALLY MAKE PHYSICAL CONTACT OF AN INSULTING AND PROVOKING NATURE TO BRANDON WOMACK BY STRIKING THE SAID BRANDON WOMACK, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT.**

## COUNT 5

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **INFLUENCING A WITNESS,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **BETWEEN THE 25TH DAY OF AUGUST, 2017, AND THE 6TH DAY OF NOVEMBER, 2017, THE EXACT DATE OF THE OFFENSE BEING UNKNOWN TO THE GRAND JURY,** DID UNLAWFULLY, **HINDER, DELAY, AND PREVENT THE COMMUNICATION TO A LAW ENFORCEMENT OFFICER INFORMATION KNOWN BY JEREMY JORDAN RELATING TO THE COMMISSION OR POSSIBLE COMMISSION OF A CRIMINAL OFFENSE, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT.**

## COUNT 6

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **MAKING A FALSE STATEMENT,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **ON OR ABOUT THE 27TH DAY OF SEPTEMBER, 2017,** DID UNLAWFULLY, **KNOWINGLY, AND WILLFULLY MAKE A FALSE STATEMENT AND REPRESENTATION TO AN AGENT OF THE GEORGIA DEPARTMENT OF CORRECTIONS BY STATING HE WAS NOT INVOLVED IN ANY INCIDENTS WHERE JOHNSON STATE PRISON INMATES WERE ASSAULTED, A MATTER WITHIN THE JURISDICTION OF GEORGIA DEPARTMENT OF CORRECTIONS, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT.**

**CRAIG FRASER
DISTRICT ATTORNEY
DUBLIN JUDICIAL CIRCUIT**

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                                                                      P1

## GEORGIA DEPARTMENT OF CORRECTIONS
## OATH OF OFFICE

I do solemnly swear (or affirm) that I will support and defend the Constitution of the United States of America and the State of Georgia, and that I will faithfully perform and discharge the duties of my office without malice or partiality, to the best of my ability.

I further swear (or affirm) that I am not the holder of any unaccounted for public money due this state or any political subdivision or authority thereof; that I am not the holder of any office of trust under the government of the United States, any other state, or any foreign state which I am prohibited from holding under the laws of the State of Georgia; and that I am otherwise qualified to hold office according to the Constitution and laws of Georgia.

JASON T. HURST
Print Name

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
Social Security Number

_signature_
Signature

8/19/03
Date

JOHNSON STATE PRISON
Work Site

IN WITNESS THEREOF, this oath is witnessed and subscribed to by the following person, who has affixed his or her seal, this ___20___ day of ___August___, ___2003___.

_signature_  m. Sterling
Witness/Notary Public         7-10-05

Exhibit-A

LAPA T20

## PLEA

THE DEFENDANT, **JASON HURST**, WAIVES FORMAL ARRAIGNMENT AND PLEADS

_Not Guilty_____. DEFENDANT

ACKNOWLEDGES RECEIPT OF A COPY OF THE INDICTMENT OR SPECIAL PRESENTMENT, AND

LIST OF WITNESSES.

THIS ___6th___ DAY OF ___August___, 20_18_.

_____          _____
DEFENDANT                             ASSISTANT DISTRICT ATTORNEY

_____
ATTORNEY FOR DEFENDANT

## CHANGE OF PLEA

THE DEFENDANT HEREBY CHANGES THE ABOVE PLEA FROM NOT GUILTY TO _____

_____, AS TO COUNTS _____.

THIS _____ DAY OF _____, 20_____.

_____          _____
DEFENDANT                             ASSISTANT DISTRICT ATTORNEY

_____
ATTORNEY FOR DEFENDANT

## ORDER OF NOLLE PROSEQUI

UPON MOTION OF THE STATE AN ORDER OF NOLLE PROSEQUI IS HEREBY ENTERED AS TO

COUNTS _____.

THIS _____ DAY OF _____, 20_____.

_____
JUDGE, **JOHNSON SUPERIOR COURT**

**EXHIBIT B**
**2023 Indictment**
This exhibit includes the 2023 indictment, which reflects the continued wrongful prosecution despite a reduction in charges, further demonstrating a lack of probable cause.

NO. _2022-CR-12_

## JOHNSON SUPERIOR COURT
### DECEMBER 2022 TERM
# THE STATE OF GEORGIA

### VS.

### JASON HURST

### CHARGE(S):

**CT. 1: VIOLATION OF OATH BY PUBLIC OFFICER**
**CT. 2: SIMPLE BATTERY**
**CT. 3: SIMPLE BATTERY**
**CT. 4: INFLUENCING A WITNESS**
**CT. 5: MAKING A FALSE STATEMENT**

_True_ BILL

THIS _17_ DAY OF _March_, _2023_.

_John E Nightowy_
FOREPERSON

WITNESS APPEARING
BEFORE GRAND JURY:

**MARK SMITH**
**TIMOTHY PHILLIPS**
**ANGIE PITTMAN**

CRAIG FRASER
DISTRICT ATTORNEY
P.O. Box 2029
Dublin, GA 31021

FILED IN OFFICE
Johnson County, GA
Date _3-29-2023_
Patricia Glover, Clerk
Superior Court

_Patricia Glover_

## WITNESSES FOR THE STATE

| | |
|---|---|
| SHANNON BROWN | ALIJAH BANKS |
| ANTOINE CALDWELL | MATTHEW BLACKBURN |
| CYNTHIA CHESTER | ALTON CHITWOOD |
| JAMIE CLARK | EDWARD CROWDER |
| DAVID COX | CHRISTOPHER DRAKE |
| BARBARA CUMMINGS | FREDERICK GREEN |
| JEFFREY DUCKWORTH | STEPHEN HALL |
| LESA EDWARDS | JAMES HARTZOG |
| SHAWN EMMONS | ABE HOLMES |
| SEAN GITTENS | DELANY HOLT |
| DANIEL GREENE | JAMES JONES |
| BARBARA GENE HAWKINS | BRANDON PENDLETON |
| TRACY JEFFERSON | INMAR RUBIO-PALAACIOU |
| CARLOS J. JONES | STEVEN SWORDS |
| JOHNNY MILLER | THURSTON WALLER |
| JOHN MOORE | CHARLES WILLIAMS |
| CLAY NIX | BRANDON WOMACK |
| DEWANDA NORRIS | WOODY ADAMS |
| TIMOTHY PHILLIPS | JAMES BLAIR |
| ANGIE PITTMAN | ROSIE BOX |
| CHERIE PRICE | JAMAL FOREMAN |
| CARLTON RENFROE | BYRON HALLETT |
| BRYAN RENTZ | BRANDON HAYNES |
| MARISSA ROBINSON | JASON HURST |
| KENNETH ROGERS | KEOLA JAMES |
| TIFFANY C SAILEM | DEMOND JOHNSON |
| KENDRICK SHINE | JEREMY JORDAN |
| MARK SMITH | CALVIN MASON |
| DAISY STEWART | ANTHONY MERRITT |
| TIM STREETS | TAURUS MOSLEY |
| WOODROW TRIPP | WESLEY O'NEAL |
| EDDIE WALKER | ALAN ROYAL |
| MARY J WARTHEN | DERON SCOTT |
| KIMBERLY WILCOX | LARRY TIMMONS |
| JOYCE WOMBLE | MADIA WEST |
| HELEN WRIGHT | |

**SPECIAL PRESENTMENT**

Georgia, Johnson County

### IN THE SUPERIOR COURT OF SAID COUNTY

THE GRAND JURORS SELECTED, CHOSEN AND SWORN FOR THE COUNTY OF JOHNSON TO WIT:

1. JOHN EDWARD HIGHTOWER,FOREPERSON
2. TEYANNA YATAE GREGORY,CLERK
3. BILLY GENE MEEKS
4. MALLORY MICHELLE SLATER-JOHNSON
5. ~~NICHOLAS B. IVEY~~
6. HEATHER ELAINE WALKER
7. PATRICIA HORTON
8. ~~CONNIE UPSHAW MERCER~~
9. ~~MATTHEW DANNY PEEBLES~~
10. COLTON JAMES KENNEDY
11. CHANDLER TIMOTHY KILGORE
12. CATHY GANTO MOYE

13. ~~LINDA STEPHENS BROWN~~
14. ANGELA MICHELLE LEE
15. RONALD HUGH BLAXTON, JR.
16. CANDY RIO DANIEL
17. CLAUDIA MARTINEZ WILSON
18. MARY A. PRICE
19. ~~WILLIAM FORREST JACKSON, JR.~~
20. DENNIS RAY WATSON
21. TRACY LYNN PAGE, JR.
22. CARLY L. SOLES
23. STEVE MCAFEE

### COUNT I

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **VIOLATION OF OATH BY PUBLIC OFFICER,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **BETWEEN THE 1ST DAY OF SEPTEMBER, 2016, AND THE 17TH DAY OF JUNE, 2018, THE EXACT DATE OF THE OFFENSE BEING UNKNOWN TO THE GRAND JURY,** DID UNLAWFULLY, **WILLFULLY AND INTENTIONALLY,WHILE EMPLOYED AS A CORRECTIONS OFFICER AT THE JOHNSON STATE PRISON, VIOLATE THE TERMS OF HIS OATH OF OFFICE BY PARTICIPATING IN AND FASCILITATING ACTS OF ABUSE AGAINST INMATES WHO WERE INCARCERATED AT THE JOHNSON STATE PRISON, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. SAID OATH IS ATTACHED TO THIS INDICTMENT AS EXHIBIT A. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT.,** CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF.

## COUNT 2

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **SIMPLE BATTERY,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **ON THE 27TH DAY OF MAY, 2017,** DID UNLAWFULLY **AND INTENTIONALLY MAKE PHYSICAL CONTACT OF AN INSULTING AND PROVOKING NATURE TO MATTHEW BLACKBURN BY STRIKING THE SAID MATTHEW BLACKBURN, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT,** CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF.

## COUNT 3

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **SIMPLE BATTERY,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **ON THE 16TH DAY OF AUGUST, 2017,** DID UNLAWFULLY **AND INTENTIONALLY MAKE PHYSICAL CONTACT OF AN INSULTING AND PROVOKING NATURE TO BRANDON WOMACK BY STRIKING THE SAID BRANDON WOMACK, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT,** CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF.

## COUNT 4

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **INFLUENCING A WITNESS,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **BETWEEN THE 25TH DAY OF AUGUST, 2017, AND THE 6TH DAY OF NOVEMBER, 2017, THE EXACT DATE OF THE OFFENSE BEING UNKNOWN TO THE GRAND JURY,** DID UNLAWFULLY **HINDER, DELAY, AND PREVENT THE COMMUNICATION TO A LAW ENFORCEMENT OFFICER INFORMATION KNOWN BY JEREMY JORDAN RELATING TO THE COMMISSION OR POSSIBLE COMMISSION OF A CRIMINAL OFFENSE, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT,** CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF.

## COUNT 5

IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE, **JASON HURST** WITH THE OFFENSE OF **MAKING A FALSE STATEMENT,** FOR THAT THE SAID **JASON HURST,** IN THE COUNTY AND STATE AFORESAID, **ON THE 27TH DAY OF SEPTEMBER, 2017,** DID UNLAWFULLY, **KNOWINGLY AND WILLFULLY MAKE A FALSE STATEMENT AND REPRESENTATION TO AN AGENT OF THE GEORGIA DEPARTMENT OF CORRECTIONS BY STATING HE WAS NOT INVOLVED IN ANY INCIDENTS WHERE JOHNSON STATE PRISON INMATES WERE ASSAULTED, A MATTER WITHIN THE JURISDICTION OF GEORGIA DEPARTMENT OF CORRECTIONS, CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF. IT IS AN ESSENTIAL AVERMENT AND A MATERIAL ALLEGATION THAT THE ACTS DESCRIBED IN THIS COUNT ARE SEPARATE AND DISTINCT FROM THE ACTS DESCRIBED IN ALL OTHER COUNTS OF THIS INDICTMENT,** CONTRARY TO THE LAWS OF SAID STATE, THE GOOD ORDER, PEACE AND DIGNITY THEREOF.

CRAIG FRASER
DISTRICT ATTORNEY
DUBLIN JUDICIAL CIRCUIT

## PLEA

THE DEFENDANT, **JASON HURST**, WAIVES FORMAL ARRAIGNMENT AND PLEADS

NOT Guilty_____. DEFENDANT

ACKNOWLEDGES RECEIPT OF A COPY OF THE INDICTMENT OR SPECIAL PRESENTMENT, AND

LIST OF WITNESSES.

THIS 13th DAY OF April, 20 23.

_____        _____
DEFENDANT                      ASSISTANT DISTRICT ATTORNEY

_____
ATTORNEY FOR DEFENDANT

## CHANGE OF PLEA

THE DEFENDANT HEREBY CHANGES THE ABOVE PLEA FROM NOT GUILTY TO _____

_____ AS TO COUNTS _____.

THIS _____ DAY OF _____, 20_____.

_____        _____
DEFENDANT                      ASSISTANT DISTRICT ATTORNEY

_____
ATTORNEY FOR DEFENDANT

## ORDER OF NOLLE PROSEQUI

UPON MOTION OF THE STATE AN ORDER OF NOLLE PROSEQUI IS HEREBY ENTERED AS TO

COUNTS _____.

THIS _____ DAY OF _____, 20_____.

_____
JUDGE, **JOHNSON SUPERIOR COURT**

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                                                                    P1

# GEORGIA DEPARTMENT OF CORRECTIONS
## OATH OF OFFICE

I do solemnly swear (or affirm) that I will support and defend the Constitution of the United States of America and the State of Georgia, and that I will faithfully perform and discharge the duties of my office without malice or partiality, to the best of my ability.

I further swear (or affirm) that I am not the holder of any unaccounted for public money due this state or any political subdivision or authority thereof; that I am not the holder of any office of trust under the government of the United States, any other state, or any foreign state which I am prohibited from holding under the laws of the State of Georgia; and that I am otherwise qualified to hold office according to the Constitution and laws of Georgia.

JASON T. HURST
Print Name

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
Social Security Number

_(signature)_
Signature

8/19/03
Date

JOHNSON STATE PRISON
Work Site

IN WITNESS THEREOF, this oath is witnessed and subscribed to by the following person, who has affixed his or her seal, this ___20___ day of ___August___, 2003.

_(signature)_ Ray M. Sterling
Witness/Notary Public        7-10-05

Exhibit A

LAPA T20

**EXHIBIT C**
**Arrest & Booking Record**
Documents unlawful arrest and booking

2017-W-439

# STATE OF GEORGIA

### GEORGIA, COUNTY OF JOHNSON

Personally came <u>SA BRYAN RENTZ</u> who on oath says that, to the best of his knowledge and belief, <u>JASON T. HURST</u> did, on the date of May 25th, 2017 in the aforesaid County, commit the offense of, <u>TO-WIT: VIOLATION OF OATH BY PUBLIC OFFICER</u> in violation of O.C.G.A. 16-10-1, a **FELONY** under the laws of the State of Georgia, in that on the above date the said accused, while working in the capacity of supervisor for the Georgia Department of Corrections, did willfully and unlawfully commit the act of simple battery against a person in custody. On May 25th, 2017, the said accused violated his oath of office by, without provocation or cause, intentionally making physical contact with Inmate Matthew Blackburn GDC# 1001402693 causing physical injuries to his person. This offense occurred at the Johnson State Prison located at 290 Donavan Harrison Rd. Wrightsville, Johnson County, Georgia 31906.

And this affiant makes this affidavit that a warrant may issue for arrest of the accused, and states on information and belief that the facts set forth in the attached hereto are true.
Sworn to and subscribed before me, this <u>19th</u> Day of <u>OCTOBER , 2017</u>

_____
**Affiant**
**SPECIAL AGENT BRYAN M. RENTZ**

_____
Judson L. Green, IV
Superior Court Judge
Georgia, Johnson County

To the Sheriff or his deputy, Coroner, Constable, or Marshal of said State,

GREETINGS:

For sufficient causes made know to me in the above affidavit, you are incorporated by reference herein, and other sworn testimony establishing probable cause for the arrest of the accused, you are hereby commanded to arrest the defendant named in the foregoing affidavit, charged by the prosecutor therein with the offense against the laws of the State named in HEREIN FAIL NOT.

_____
Judson L. Green, IV
Johnson County Superior Court Judge

WITNESSES

Warrant No. 2017-W-439
Case No. _____

STATE WARRANT
THE STATE
VS

JASON T. HURST
115 SHEPPARD STREET
TOOMSBORO, GA 31090

Sex: MALE    Race: BLACK

SSN:

DOB: 01-04-1984

CHARGED

16-10-1

VIOLATION OF OATH BY
PUBLIC OFFICER

Case No. I14-2017-2644

S/A BRYAN RENTZ
300 Third Ave #19
Reidsville, Ga. 30453

Phone (478) 319-3466

Entered NCIC/LEDS
SRN
By _____
Arrest Date: 10/18/17 @ 11:51 Hrs
Department: GDOC CID
Officer: B. Rentz

ᴓᴏ17-W-441

## STATE OF GEORGIA

**GEORGIA, COUNTY OF JOHNSON**
Personally came S/A TIMOTHY PHILLIPS who on oath says that, to the best of his knowledge and belief, **JASON T. HURST** did, on the date of August 16th, 2017 in the County aforesaid, commit the offense of, **TO-WIT: SIMPLE BATTERY AGAINST A PERSON IN CUSTODY** in violation of O.C.G.A. 16-5-23, a **MISDEMEANOR** under the laws of the State of Georgia, in that the said accused on the above date, did willfully and interationally commit Simple Battery Against a Person in Custody. While working in the capacity of a Lieutenant for the Ga. Dept. of Corrections at the Johnson State Prison, the accused did intentionally made physical contact with Inmate Brandon Womack, GDC #1000892530 causing physical injuries, this offense occurred at the Johnson State Prison, located at 290 Donavan Harrison Rd. Wrightsville, Johnson County, Georgia 31906.

And this affiant makes this affidavit that a warrant may issue for arrest of the accused, and states on information and belief that the facts set forth in the attached hereto are true.
Sworn to and subscribed before me, this _____19'ᵗ_____ Day of _____October_____, 2017

_____ #354
**Affiant**
Special Agent TIMOTHY W. PHILLIPS

Judson L. Green, IV
Superior Court Judge
Georgia, Johnson County

To the Sheriff or his deputy, Coroner, Constable, or Marshal of said State,

GREETINGS:

For sufficient causes made know to me in the above affidavit, you are incorporated by reference herein, and other sworn testimony establishing probable cause for the arrest of the accused, you are hereby commanded to arrest the defendant named in the foregoing affidavit, charged by the prosecutor therein with the offense against the laws of the State named in HEREIN FAIL NOT.

_____
**Judson L. Green, IV**
**Johnson County Superior Court Judge**

**STATE OF GEORGIA**

**GEORGIA, COUNTY OF JOHNSON**

Personally came <u>S/A TIMOTHY PHILLIPS</u> who on oath says that, to the best of his knowledge and belief, <u>JASON T. HURST</u> did on the date of August 16th, 2017 in the County aforesaid, commit the offense of, <u>TO-WIT: Violation of Oath of Office</u> in violation of O.C.G.A. 16-10-1, a **FELONY** under the laws of the State of Georgia, in that the said accused on the above date, **did willfully and intentionally, Violate the Oath of Office, when he committed the act of (Simple Battery Against a Person in Custody) while working in the capacity of a Lieutenant for the Ga. Dept. of Corrections at Johnson State Prison, the accused caused physical harm with injuries to Inmate Brandon Lee Womack, GDC #1000892530,** this offense occurred at Johnson State Prison, located at 290 Donavan Harrison Rd. Wrightsville, Johnson County, Georgia 33096.

And this affiant makes this affidavit that a warrant may issue for arrest of the accused, and states on information and belief that the facts set forth in the attached hereto are true.

Sworn to and subscribed before me, this ___19th___ **Day** of ___October___, 2017

_____

**Affiant**

Special Agent **TIMOTHY W. PHILLIPS**

_____

<u>Judson L. Green, IV</u>
**Superior Court Judge**
**Georgia, Johnson County**

**To the Sheriff or his deputy, Coroner, Constable, or Marshal of said State,**

**GREETINGS:**

For sufficient causes made know to me in the above affidavit, you are incorporated by reference herein, and other sworn testimony establishing probable cause for the arrest of the accused, you are hereby commanded to arrest the defendant named in the foregoing affidavit, charged by the prosecutor therein with the offense against the laws of the State named in **HEREIN FAIL NOT.**

_____

**Judson L. Green, IV**
**Johnson County Superior Court Judge**

**EXHIBIT D**
**Exculpatory Evidence**
Proves failure to investigate or consider mitigating facts

## CONTRABAND FOUND AROUND September 28, 2017

INVESTIGATOR Timothy Phillips unwrapped the packages containing:

14 LBS of Tobacco

1 ½ LBS of Marijuana

90 Milligrams of Methamphetamine

61 Phones

**Items came in rear gate in a produce truck. Contraband was found under boxed bananas.**











IMG950565.jpg







**EXHIBIT E**
**Medical Records**
Corroborates emotional/physical harm during the 5+ years of prosecution

**EXHIBIT F**
**DOC Employment Records (Promotions, Evaluations, Awards)**
This exhibit includes Plaintiff's employment records, showing his career trajectory, commendations, and anticipated promotions before wrongful prosecution disrupted his career.



**State of Georgia**
**Peace Officer Standards and Training Council**
Network Data Gateway



# Data Report System

## Individual Officer Profile

*Created: 05-01-2025 05:04*
*Requested by: JASON HURST*



O119820

| | |
|---|---|
| Officer Key | **O119820** |
| Officer Name | **JASON T HURST** |
| Race | **Black or African American (Not Hispanic or Latino)** |
| Education | **High School Diploma** |
| Status | **In Good Standing** |

## Officer Certifications

| Certification | Description | Certification Type | Status |
|---|---|---|---|
| PBCO040630S | CORRECTIONS OFFICER | Basic | Active |

## Instructor Certifications

None Found

## Employment History

| Agency | Rank | Start Date | End Date | Status |
|---|---|---|---|---|
| JOHNSON STATE PRISON | Corr. / Lieutenant | November 26, 2017 | November 30, 2017 | Terminated |
| JOHNSON STATE PRISON | Corr. / Lieutenant | June 16, 2017 | October 26, 2017 | Suspended for 30 days or More |
| JOHNSON STATE PRISON | Corr. / Sergant | June 16, 2014 | June 15, 2017 | Rank Change - Promotion |
| JOHNSON STATE PRISON | Corrections Officer | September 2, 2003 | June 15, 2014 | Rank Change - Promotion |

## Sanctions

| Body | Date | Sanction |
|---|---|---|
| Final Action | April 11, 2025 | NO ACTION |

## Training History

| Date | Number | Course | Hours |
|---|---|---|---|
| June 29, 2017 | IDG16G | TASER RECERTIFICATION | 8 |
| June 28, 2017 | IFR11F | DE-ESCALATION, USE OF DEADLY FORCE, FIREARMS REQUAL (DOC) | 4 |
| June 28, 2017 | IOB02F | FIREARMS RIFLE RECERTIFICATION | 1 |
| June 28, 2017 | IGF05G | CULTURAL AWARENESS | 2 |
| May 30, 2017 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| May 19, 2017 | IFM14F | WEAPON CLEARING TECHNIQUES | 1 |
| May 19, 2017 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| April 3, 2017 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| March 28, 2017 | IHQ19G | TERRORISM: SURV. & INTEL. GATHERING | 8 |
| January 26, 2017 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |

2017 Total Hours : 56

| Date | Code | Course | Hours |
|---|---|---|---|
| November 17, 2016 | NOF83G | SQUAD COMMANDER | 8 |
| September 29, 2016 | IDG17G | TASER X2 | 8 |
| September 14, 2016 | IFM22F | USE OF DEADLY FORCE | 2 |
| July 15, 2016 | DGB0IG | GCIC SECURITY AWARENESS TRAINING | 1 |
| July 10, 2016 | ONM0IG | NAT. INSTITUTE OF CORRECTIONS TRNG. | 1 |
| June 21, 2016 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| May 27, 2016 | NOG76G | DECISION MAKING / PMP MODULE 4 | 40 |
| May 11, 2016 | IFR05F | FIREARMS REQUAL& USE OF DEADLY FORCE (5 Hrs) | 5 |
| May 11, 2016 | IOB02F | FIREARMS RIFLE RECERTIFICATION | 1 |
| May 11, 2016 | IOB03F | FIREARMS SHOTGUN RECERTIFICATION | 1 |
| April 22, 2016 | AQU05G | INTERNAL AFFAIRS/ CC AUX. | 40 |
| April 6, 2016 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| February 26, 2016 | NOG74G | BUDGETING / PMP MODULE 2 | 40 |
| February 16, 2016 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |

2016 Total Hours : 171

| Date | Code | Course | Hours |
|---|---|---|---|
| November 6, 2015 | NOG73G | PERSONNEL / PMP MODULE I | 40 |
| September 17, 2015 | NOG71G | BASIC MANAGEMENT TRAINING V | 24 |
| September 11, 2015 | AQU13G | MANAGING MARGINAL EMPLOYEES/CC AUX. | 40 |
| August 27, 2015 | NOA45G | BASIC MANAGEMENT TRAINING IV | 24 |
| August 24, 2015 | IFM22F | USE OF DEADLY FORCE | 2 |
| August 6, 2015 | NOA42G | BASIC MANAGEMENT TRAINING I | 24 |
| July 3, 2015 | NOG89G | CORRECT. LIABILITY ISSUES-GDC PMP #5 | 40 |
| June 25, 2015 | NOE48G | PERIMETER SECURITY | 16 |
| June 16, 2015 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| May 28, 2015 | IBH07G | CRIME SCENE PRESERVATION | 4 |
| April 7, 2015 | IOB03F | FIREARMS SHOTGUN RECERTIFICATION | 1 |
| April 7, 2015 | IOB02F | FIREARMS RIFLE RECERTIFICATION | 1 |
| April 7, 2015 | IFR05F | FIREARMS REQUAL& USE OF DEADLY FORCE (5 Hrs) | 5 |
| March 27, 2015 | NOG88G | CRIMINAL REHAB. PROGRAMS- GDC PMP #4 | 40 |
| February 24, 2015 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| February 13, 2015 | NOG87G | CORR. OPERATIONS & ADMIN- GDC PMP #3 | 40 |

2015 Total Hours : 317

| Date | Code | Course | Hours |
|---|---|---|---|
| November 14, 2014 | NOG86G | CRIM. & DEVIANT BEHAVIOR-GDC PMP #2 | 40 |
| October 20, 2014 | NKG06G | CHANGING THREAT OF GANGS AND CULTS | 4 |
| September 19, 2014 | NOG85G | CRIME & PUNISHMENT - GDC PMP #I | 40 |
| August 4, 2014 | INC08G | GEORGIA D.O.C. SPECIALIZED TRAINING | 80 |
| July 1, 2014 | IGB13G | SECURITY AND INTEGRITY OF CHRI (4 HR) | 4 |
| July 1, 2014 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 4 |
| May 6, 2014 | IOB02F | FIREARMS RIFLE RECERTIFICATION | 1 |
| May 6, 2014 | IOB03F | FIREARMS SHOTGUN RECERTIFICATION | 1 |
| May 6, 2014 | UFR00F | FIREARMS REQUALIFICATIONS | 2 |
| May 6, 2014 | IFR04F | FIREARMS REQUAL& USE OF DEADLY FORCE (4 Hrs) | 4 |
| February 21, 2014 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |

2014 Total Hours : 188

| Date | Code | Course | Hours |
|---|---|---|---|
| October 1, 2013 | UFR00F | FIREARMS REQUALIFICATIONS | 2 |
| October 1, 2013 | NOB93F | FIREARM/RIFLE RECERT | 2 |

*Requestor IP Address: 66.19.65.226*

| Date | Code | Description | Hours |
|---|---|---|---|
| October 1, 2013 | NOB94F | FIREARM/SHOTGUN RECERT | 2 |
| October 1, 2013 | IFR04F | FIREARMS REQUAL& USE OF DEADLY FORCE (4 Hrs) | 4 |
| August 30, 2013 | IFR04F | FIREARMS REQUAL& USE OF DEADLY FORCE (4 Hrs) | 4 |
| August 7, 2013 | ADO01D | OLEORESIN CAPSICUM FAMILIARIZATION | 4 |
| June 7, 2013 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| June 3, 2013 | IDM07D | SPONTANEOUS KNIVE DEFENSE | 16 |
| January 31, 2013 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |

2013 Total Hours : 50

| Date | Code | Description | Hours |
|---|---|---|---|
| December 31, 2012 | IGB13G | SECURITY AND INTEGRITY OF CHRI | 4 |
| December 4, 2012 | NOE50G | PERIMETER SECURITY RECERT | 8 |
| August 9, 2012 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| May 30, 2012 | INC08G | GEORGIA D.O.C. SPECIALIZED TRAINING | 8 |
| April 26, 2012 | UFR00F | FIREARMS REQUALIFICATIONS | 2 |
| April 26, 2012 | NOB93F | FIREARM/RIFLE RECERT | 2 |
| April 26, 2012 | NOB94F | FIREARM/SHOTGUN RECERT | 2 |
| April 26, 2012 | IFR02F | FIREARMS REQUAL& USE OF DEADLY FORCE | 4 |
| February 17, 2012 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |

2012 Total Hours : 46

| Date | Code | Description | Hours |
|---|---|---|---|
| December 1, 2011 | NOE48G | PERIMETER SECURITY | 16 |
| September 7, 2011 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| August 23, 2011 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |
| August 17, 2011 | NOB95F | FIREARMS AUTOPISTOL TRANSITION | 16 |
| June 8, 2011 | IFR02F | FIREARMS REQUAL& USE OF DEADLY FORCE (2 Hrs) | 6 |
| April 27, 2011 | IWD01G | ALCO-SENSOR OPERATION | 2 |
| March 28, 2011 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |
| March 9, 2011 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| February 21, 2011 | INC08G | GEORGIA D.O.C. SPECIALIZED TRAINING | 8 |

2011 Total Hours : 80

| Date | Code | Description | Hours |
|---|---|---|---|
| December 14, 2010 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |
| December 1, 2010 | IFR02F | FIREARMS REQUAL& USE OF DEADLY FORCE (2 Hrs) | 6 |
| August 31, 2010 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| March 23, 2010 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |
| March 18, 2010 | NOF50G | SECURITY & INTEGRITY TRNG | 2 |
| March 18, 2010 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 6 |

2010 Total Hours : 38

| Date | Code | Description | Hours |
|---|---|---|---|
| August 25, 2009 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| June 15, 2009 | IFR02F | FIREARMS REQUAL& USE OF DEADLY FORCE (2 Hrs) | 6 |
| March 25, 2009 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| March 2, 2009 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |

2009 Total Hours : 30

| Date | Code | Description | Hours |
|---|---|---|---|
| September 16, 2008 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |
| June 24, 2008 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |
| June 12, 2008 | IFR02F | FIREARMS REQUAL& USE OF DEADLY FORCE (2 Hrs) | 6 |
| March 13, 2008 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 16 |

Requestor IP Address: 66.19.65.226

| March 12, 2008 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |

2008 Total Hours : 46

| November 13, 2007 | NOA77G | CERT SEMIANNUAL TRAINING | 8 |
| September 21, 2007 | NOA78G | CERT TEAM BASIC | 40 |
| September 13, 2007 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |
| June 18, 2007 | IFR02F | FIREARMS REQUAL & USE OF DEADLY FORCE (2 Hrs) | 5 |
| March 15, 2007 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 8 |

2007 Total Hours : 69

| October 25, 2006 | INC09G | D.O.C. INS.+ FIREARMS & USE OF DEADLY FORCE | 8 |
| May 5, 2006 | UFR00F | FIREARMS REQUALIFICATIONS | 7 |
| February 7, 2006 | INC09G | D.O.C. INS.+ FIREARMS & USE OF DEADLY FORCE | 8 |

2006 Total Hours : 23

| June 9, 2005 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 24 |

2005 Total Hours : 24

| June 9, 2004 | INC00G | GA. DEPT. OF CORRECTIONS INSERVICE | 16 |
| May 25, 2004 | IFM07F | RED DOT SIGHT BASIC SHOOTER (8-16 HRS) | 4 |
| March 18, 2004 | NOD83G | MENTAL HEALTH/RETARDATION TRNG | 24 |

2004 Total Hours : 44

| November 3, 2003 | NOC02F | FIREARMS SHOTGUN CERT | 4 |
| October 24, 2003 | BMC99G | BASIC D.O.C. SECURITY TRAINING | 160 |
| September 19, 2003 | NOG81G | ASBESTOS AWARENESS | 2 |
| September 19, 2003 | NOG80G | PASSENGER VAN SAFETY | 2 |
| September 18, 2003 | NOE71G | PRE-SERVICE ORIENTATION | 24 |

2003 Total Hours : 192

## Summary of Hours for 15 Years

| Year | Total Hours | Firearms | Deadly Force | De-escalation | Community Policing | Gang Awareness | Human Trafficking |
|------|-------------|----------|--------------|---------------|--------------------|----------------|-------------------|
| 2017 | 56 | 1 | 1 | 1 | 2 | 0 | 0 |
| 2016 | 171 | 1 | 2 | 0 | 0 | 0 | 0 |
| 2015 | 317 | 1 | 2 | 0 | 0 | 0 | 0 |
| 2014 | 188 | 2 | 1 | 0 | 0 | 0 | 0 |
| 2013 | 50 | 3 | 2 | 0 | 0 | 0 | 0 |
| 2012 | 46 | 2 | 1 | 0 | 0 | 0 | 0 |
| 2011 | 80 | 1 | 1 | 0 | 0 | 0 | 0 |
| 2010 | 38 | 1 | 1 | 0 | 0 | 0 | 0 |
| 2009 | 30 | 1 | 1 | 0 | 0 | 0 | 0 |
| 2008 | 46 | 1 | 1 | 0 | 0 | 0 | 0 |
| 2007 | 69 | 1 | 1 | 0 | 0 | 0 | 0 |
| 2006 | 23 | 3 | 2 | 0 | 0 | 0 | 0 |
| 2005 | 24 | 0 | 0 | 0 | 0 | 0 | 0 |
| 2004 | 44 | 0 | 0 | 0 | 0 | 0 | 0 |
| 2003 | 192 | 0 | 0 | 0 | 0 | 0 | 0 |

Requestor IP Address: 66.19.65.226

| Grand Total of Hours (all years and courses) | 1,374 |
| --- | --- |

Requestor IP Address: 66.19.65.226

**EXHIBIT G**
**2023 Dismissal Order**
This exhibit contains the official Nolle Prosequi Order dismissing all criminal charges against Plaintiff, confirming the lack of probable cause.

FILED IN OFFICE
Johnson County, GA
Date 10/23/2023
Patricia Glover, Clerk
Superior Court

## IN THE SUPERIOR COURT OF JOHNSON COUNTY
### STATE OF GEORGIA

THE STATE OF GEORGIA | CASE NO.  2023-CR-0012
vs. |
|
Jason Hurst | Charges:
| Violation of Oath by Public Officer & Simple
| Battery & Simple Battery & Simple Battery &
| Influencing a Witness & Making a False
| Statement

### MOTION FOR NOLLE PROSEQUI

Comes now the State of Georgia, by and through Craig Fraser, District Attorney, and hereby moves that an Order of Nolle Prosequi be entered in the above-captioned action.

This 19th day of October, 2023.

Cheryl Banks Hightower, Senior Assistant District
Attorney
Dublin Judicial Circuit
Georgia State Bar# 036178
Phone:478-272-0440 ; Fax:478-272-0559
Email: cbanks@pacga.org

### ORDER FOR NOLLE PROSEQUI

After consideration of the foregoing motion, an Order of Nolle Prosequi is hereby entered in the above-captioned case.

SO ORDERED, this 19th day of October, 20 23.

HON. JUDSON L. GREEN, IV
JUDGE, SUPERIOR COURT

**EXHIBIT H**
**P.O.S.T. Certification Suspension Notice**
This exhibit includes official correspondence regarding the continued suspension of Plaintiff's POST certification, preventing him from resuming law enforcement work.

### GEORGIA PEACE OFFICER STANDARDS AND TRAINING COUNCIL

**Chris Harvey**
**Executive Director**



### Notification of Proposed P.O.S.T. Discipline

JASON T HURST , RESPONDENT
115 Sheppard St.
Toomsboro, GA 31090

January 27, 2025

RE:   Proposed Sanction of Your P.O.S.T. Certification(s) Status

**This shall constitute Offical Notice in this matter.**

The Georgia P.O.S.T. Probable Cause Committee met on January 22, 2025 and proposed the
following sanction(s) be placed on your certification(s).

A     NO ACTION

This *proposed* sanction(s) is not a decision of the Council;  it is a *proposed* action from the Probable Cause Committee
for Council to vote upon from. Please note this process has changed. You have the two (2) following options:

**Option 1:**  You may accept the proposed sanction and do nothing. After the passage of 30 days from the date
of this notification letter, the proposed sanction will go to the Full Council for a vote without further information
from you for Council to consider. Your only option for a hearing thereafter would be to appeal the Full Council
Recommendation with a hearing at the Office of State Administrative Hearings (OSAH). You will be sent an
official  **Notice of POST Discipline**  following Council's vote with further instructions on how to appeal
(contest) that outcome.

*If your sanction was in the form of probation and you do not wish to appeal, probation will automatically begin
thirty (30) days following the Notification of POST Discipline.

**Option 2:**  You may request a Pre-Hearing Conference within 30 days of the mailing of this Notification of
Proposed POST Discipline. The Pre-Hearing Conference is **VOLUNTARY.** It is a one hour in-person
conference with a POST Hearings Officer for the purpose of discussing your case and/or presenting **new**
information that you would like Council to consider prior to their final vote concerning your sanction. If you
choose this option, a POST Hearings Officer will contact you to schedule your Pre-Hearing Conference.

Following the Pre-Hearing Conference, you will receive a Notification of POST Discipline (the Full Council's
decision regarding the sanction of your certification). You will also receive instructions on how to appeal
(contest) Council's decision.

To request a Pre-Hearing Conference prior to Full Council's final vote, **you must check Option 2 below and
complete steps 1-3  in the instructions that follow.**

Regardless of which option you choose, your case will ultimately go before Full Council for a final vote. If you
wish to appeal (contest) Full Council's decision, you must notify POST in writing in accordance with the
instructions provided on the Notification of POST Discipline letter.

For POST Council,

Chris Harvey, Executive Director

Cc: File

## <u>WRITTEN EXPRESSION OF CHOSEN OPTION</u>

O  I choose Option 1 and accept the proposed sanction. I do not request a Pre-Hearing Conference. My signature and date are below. I may scan and email this page to **petitions@gapost.org** with a "read receipt" or (2) Send this page via certified mail (with tracking) to Georgia POST Council, PO Box 349, Clarkdale, Georgia 30111-0349.

O  I choose Option 2 and request to have a Pre-Hearing Conference for the purpose of discussing and presenting additional information for Full Council's consideration.  I understand that I must do all of the following within thirty (30) days in order to have a Pre-Hearing Conference:

1.  Write or type a response <u>admitting or denying</u> each and every allegation in the enclosed Case Summary **with an explanation.** Blanket denials will not be accepted. The response must be sworn or verified <u>under oath</u>  (i.e. signed by you in front of a notary public). )Provide the response to POST using one of two options: (1) Either scan and email the documents to  **petitions@gapost.org** with a "read receipt" or (2) Send the original documents via certified mail (with tracking) to Georgia POST Council, PO Box 349, Clarkdale, Georgia 30111-0349.
2.  Pay the required $100 Pre-Hearing Conference fee to POST. Payments may be made online at www.gapost.org using a credit card or with a certified check/money order made payable to "Georgia POST Council", P.O. Box 349, Clarkdale, Georgia 30111-0349.  Cash or checks (unless certified) will NOT be accepted.
3.  Check OPTION 2 under <u>Written Expression of Chosen Option</u>  on page 2. Sign and date the bottom of the page. Send page 2 along with your written or typed response to POST using one of the methods described above.

**If all 3 steps are not complete within the 30 days, the action will go before Full Council without any additional or mitigating information from you, and your right to be heard by Full Council will be waived. More detailed instructions may be found at http://www.gapost.org/appeal.html.**

X _____        X _____  (date)
Signature of Officer

JASON T HURST                                    Officer Key O119820

**EXHIBIT I**
**EEOC Right to Sue Notice**
This exhibit contains the Equal Employment Opportunity Commission (EEOC) Right to Sue notice issued to Plaintiff, allowing him to pursue legal action for wrongful termination and discrimination.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/11/2024

**To:** Mr. Jason T. Hurst
115 Sheppard Street
Toomsboro, GA 31090
Charge No: 415-2024-00505

EEOC Representative and email:　　SHERESA JOHNSON
Investigator
sheresa.johnson@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 415-2024-00505.

On behalf of the Commission,

Digitally Signed By: Darrell E. Graham
01/11/2024

Darrell E. Graham
District Director

**Cc:**
Marcellina Juhan
Georgia Department of Corrections
300 Patrol Rd
Forsyth, GA 31029


Please retain this notice for your records.

**EXHIBIT J**
**Public Defamation & News Reports**
This exhibit includes media reports and agency statements that publicly identified Plaintiff, causing reputational harm and defamation.



Georgia prison guards ch...
www.myajc.com



myAJC    SUBSCRIBE

ONSUNFOONS

# Georgia prison guards charged with assaulting inmates

By Rhonda Cook - The Atlanta Journal-Constitution



FILE PHOTO

Posted: 5:13 p.m. Friday, October 20, 2017



# PROBABLE CAUSE COMMITTEE RECOMMENDATION TO COUNCIL
# Investigations Division
**008-201-10-17**

Companion Cases: 008-020-02-18; 008-202-10-17; 008-200-10-17; 008-019-02-18; 008-021-02-18; 008-018-02-18; 008-349-11-17; 008-436-11-17; 008-166-07-18; 008-094-06-18; 008-093-06-18

The following synopsis is based on the materials provided to POST investigators:

Jason T. Hurst was employed as a Corrections Officer at Johnson State Prison (JSP) on 09/02/2003. He had been part of the CERT Team. Officer Hurst, who held the rank of Lieutenant, was terminated on 11/30/2017, for failure to dispose of his pending criminal charges. These charges were a result of an investigation into multiple allegations of inmate abuse, assault, and staff misconduct at JSP. Officer Hurst was identified as one of multiple officers involved in the allegations. A copy of the materials provided by GDC related to the investigations are contained in the POST file labeled "Master Case File – Johnson State Prison 2017."

On 08/25/2017, Inmate (IM) M. Blackburn was interviewed by Special Agent (SA) Rentz. He stated the following: Sometime in May, he had been beaten by Sergeant Foreman and another Sergeant for not being inspection ready. They came into his cell without cuffing him up and did not have a camera. The officers called him racist names, and one of the sergeants started choking him while Sergeant Foreman punched him in the face. IM Blackburn indicated the other Sergeant was no longer on the CERT Team, he was now a Lieutenant, and his name became with the letter "H." He stated there was a Cadet standing at the door, holding Sergeant Foreman's vest, and laughing while they beat him. IM Blackburn stated he was not taken to medical until approximately a week later, and then only because he had contacted his Mother and told her what happened. Agents learned that IM Blackburn had received a Disciplinary Report on 05/24/2017, from Officer Hurst for failure to follow instructions and defacing or damaging property.

On 08/31/20217, SA Rentz conducted a second interview with IM Blackburn, who stated the following: after his previous interview on 08/25/2017, he was approached by an officer possibly names "Haynes," who asked him what he was speaking with investigators about. He lied and said it was regarding a family emergency. IM Blackburn stated the CERT Officer told him if he found out he was lying, he had something for his punk ass.

IM Blackburn wrote a letter and gave it to Captain Jones to take to the front to give to the investigators. He stated on 08/27/2017, Officer Jordan came to his cell and told him to come to the door to be handcuffed as he was going to search his cell. Officer Jordan began making comments about having something for him if he found out that he was up there talking about the CERT Team. Officer Jordan then shoved his head in a vent that was located at the back of the cell, causing a laceration on his forehead. IM Blackburn stated he later lied to the nightshift, telling them he slipped and fell. The following day Sergeant Hicks came in and asked what really happened, and he told the truth. Photos were taken of IM Blackburn's injury. NOTE: SA Rentz obtained a copy of IM Blackburn's



# PROBABLE CAUSE COMMITTEE RECOMMENDATION TO COUNCIL
## Investigations Division
**008-201-10-17**

medical records, which indicated he was treated by medical on 05/31/2017, for eye trauma, and again on 08/27/2017, for a laceration to his forehead.

SA Rentz interviewed Cadet K. Shine, who stated IM Blackburn was not ready for inspection and was being aggressive towards staff. The next day, Officers Hurst and Foreman went into IM Blackburn's cell without handcuffing him. There was a verbal exchange between IM Blackburn and Officer Foreman that became heated. Officer Foreman handed him his vest, then went back in the cell and started hitting IM Blackburn in the face. He stated he was trying not to look, and was uncomfortable. He stated he may have been smiling and looking around, but he did not recall laughing. He stated IM Blackburn was not taken to medical. He later noticed that IM Blackburn had bruising to his face. NOTE: Cadet Shine was employed with JSP on 05/01/2017, and voluntarily resigned on 08/22/2017. He was interviewed on 9/06/2017.

IM Williams made an allegation that Officer Hurst assaulted him in ID on or about 08/03/2017. IM Williams stated he reported the incident to Counselor Duckworth, and Deputy Warden (DW) Blair came to him and said he was lying.

SA Rentz indicated that a search of Inmate Williams disciplinary history revealed he did in fact receive a Disciplinary Report on 08/22/2017, for exposure/exhibition and it had been dismissed. While searching SCRIBE in reference to Inmate Williams it was found that on 08/10/2017, Counselor Duckworth entered a case note stating that IM Williams reported he was assaulted by CERT officers when he was taken to lockdown. Counselor Duckworth stated IM Williams seemed confused, and he (Duckworth) checked to logbook and did not find any incidents reported involving IM Williams.

Additionally, an investigative was initiated in regards to an allegation that IM Womack had been assaulted in ID by Officers Hurst, Mosley, and Hallett. IM Womack would normally report for his detail in the kitchen around 4:00 am. On 08/16/2017, Sergeant Wright sent IM Womack to ID after they exchanged words. Several civilian kitchen staff members stated IM Womack did not have any bruising or injuries prior to this; however, when he returned from ID, he did. Ms. Warthen one of her food service workers came to her later and told her that Inmate Womack was back, and to come with her to see him. Ms. Warthen asked Inmate Womack what was wrong with him and why he was looking like that, and he told her "they jumped on me," and when she asked who, he said, "CERT." She described Inmate Womack having bruises to the left side of his face, a black eye, scratches around his neck, and that his right knee was scratched up. She had an officer send Inmate Womack back to his dorm. When he reported back to the detail the following day, she called Lieutenant Sailem to the come and check on him. This incident occurred approximately two weeks prior to this interview.

Food Service workers Hawkins and Wilcher both confirmed they saw Inmate Womack's injuries. Ms. Hawkins said she asked Inmate Womack about his injuries, and he told her



# PROBABLE CAUSE COMMITTEE RECOMMENDATION TO COUNCIL
## Investigations Division
**008-201-10-17**

"they beat me up." Ms. Wilcher said Inmate Womack told her the CERT team beat him up. A written statement by Ms. Wilcher is included in the case file.

On 08/31/2017, SA Smith interviewed Food Service Supervisor Stewart in regards to the injuries to Inmate Womack. Ms. Stewart recalled seeing Inmate Womack's injuries and described him as having a lot of bruises; she described him of having a bruise around his right eye, redness around his neck, bruises and redness to his face, and that he was complaining about his leg. Ms. Stewart said he did not have any marks on him that morning before he left, but he did when he returned.

On 09/06/2017, SA Phillips interviewed Lieutenant Sailem regarding IM Womack's injuries. She stated that she was not on duty the day IM Womack received his injuries, but she was on duty the following day and noticed his injuries. She asked him what happened, but he did not say anything. She went to food service staff and asked about IM Womack's injuries and was told he was on his detail and came back looking like that; she and Ms. Warthen asked Inmate Womack what happened and he again said nothing that it was too dangerous to talk about it. Lieutenant Sailem said she then contacted Captain Jones, who took IM Womack to medical.

Sergeant Wright was interviewed and stated she did not have any acknowledge of how IM Womack received his injuries. She recalled sending IM Womack to ID because he did not want to work and was complaining. Sergeant Wright stated Inmate Womack did not have any injuries when she sent him to ID.

SA Phillips' summary indicated IM Womack did not report the incident until SA Phillips questioned him on 08/29/2017. IM Womack identified Officers Hurst, Mosley, and Hallett as the officers who assaulted him in ID. SA Phillips stated Officer Hallett denied being in ID with Inmate Womack; however, Officers Hurst and Mosley both admitted to being in ID with IM Womack, stating they only spoke with him.

Additionally, during his interview on 09/27/2017, Officer Hurst denied all allegations, stating he had never used unnecessary, excessive, or undocumented force on anyone, nor had he witnessed other staff members doing so. He stated the inmates were making these allegations because the CERT Team had been confiscating their illegal contraband.

On 10/19/2017, warrants were obtained for Officer Hurst for Simple Battery Against a Person in Custody and Violation of Oath by Public Officer. Officer Hurst was arrested and initially placed on Suspension Without Pay for thirty (30) days, and later terminated.

During a Special Presentation to a Grand Jury on 06/18/2018, Officer Hurst was indicated on the following charges:

- Simple Battery (3 counts)
- Violation of Oath by Public Officer
- Making a False Statement

09/11/2024/jac



**PROBABLE CAUSE COMMITTEE RECOMMENDATION TO COUNCIL**
# Investigations Division
008-201-10-17

- Influencing a Witness

On 04/12/2023, a Motion for Nolle Prosequi was entered for the original indictment from 2018, as the case was re-indicted in 2023. Another Motion for Nolle Prosequi was entered through the District Attorney's Office on 10/19/2023, for the 2023 case.

Officer Hurst said he had heard they were investigating allegations of Use of Force; he said he has never used unacceptable Use of Force, and he has never slapped an inmate. Officer Hurst said he did not recall an inmate named Blackburn; however, after being shown his photo, Officer Hurst remembered him. Officer Hurst said he did not recall using any force with Inmate Blackburn; he only recalled Inmate Blackburn being in the hole all of the time. Officer Hurst was asked about Inmate Drake, but he did remember him. Officer Hurst did remember Inmate Williams, but did not recall him being ID either, nor had he ever used force on him. Officer Hurst recalled Inmate Womack, and that he was in a holding cell in ID one morning. Officer Hurst said he asked Inmate Womack why he was there, and he (Womack) told him Sergeant Wright sent him there for being disrespectful. Officer Hurst said Sergeant Wright did not say anything to him before leaving that morning and he sent Inmate Hurst to the building. Officer Hurst said Inmate Womack was fine when he left, and he did not know what happened to him after that. Officer Hurst said he did not know how Inmate Womack received a black eye or the bruises.

Officer Hurst contacted this investigator via phone to ask about his certification being suspended. He was offered an opportunity to provide a notarized response. As of the date of this summary, a response has not been received.

## DISCIPLINARY HISTORY

Date:              04/12/2006
Violation:         Failure to Report to Work, 01/28/2006, 03/26/2006
Action Taken:      Letter of Reprimand

## CRIMINAL HISTORY

None other than noted above.

## VIOLATION

It is hereby asserted this individual is in violation of the following sections of O.C.G.A. 35-8-7.1 (a)(2),(6),(7),(11):

In accordance with O.C.G.A. 35-8-7.1 (b) (1), the Probable Cause Committee makes the following recommendation to the Council:



**PROBABLE CAUSE COMMITTEE RECOMMENDATION TO COUNCIL**
## Investigations Division
**008-201-10-17**

_____        _____

_____        _____

_____        _____

Chairman, Probable Cause Committee        Chairman, POST Council
Date:                                     Date:

09/11/2024/jac

**EXHIBIT K**
**Accusations of false Statements; despite lack of any proof of false statement**
(i.e., Count 6 in 2018 indictment – Court 4 in 2023 indictment)

# GEORGIA DEPARTMENT OF CORRECTIONS
# OFFICE OF PROFESSIONAL STANDARDS
# INVESTIGATIVE CASE SUMMARY

## II-2017- 2683

On Wednesday, September 27th, 2017 at approximately 4:34pm, Special Agent (S/A) TIMOTHY PHILLIPS and S/A BRYAN RENTZ were located at the Wrightsville Police Department in Wrightsville, Johnson County, Georgia for the purpose of interviewing Lieutenant (Lt.) JASON HURST. During the interview Lt. HURST provided essentially the following:

He has been employed with the Ga. Dept. of Corrections for fourteen (14) years. He has been on the CERT team five (5) years. He was promoted to SERGENANT in 2014 and just made Lieutenant this year. He heard that we were investigating allegations of Use of Force. He has use force on an inmate before but it was on camera. He has never used unacceptable Use of Force on an inmate. He has never slapped an inmate. He has never witnessed an excessive Use of Force incident. He think the inmates are upset because CERT has been finding a lot of contraband and the inmates are making up these allegations. He doesn't remember IM Blackburn. After being shown a photo of IM BLACKBURN, Lt. HURST stated that he do remember IM BLACKBURN. He doesn't recall using any force on IM BLACKBURN. The only thing he recalls about IM BLACKBURN is he being in the whole all the time. He doesn't remember IM CHRISTOPHER DRAKE. He remembers IM CHARLES WILLIAMS, but don't recall seeing him in ID. He has never used force on IM WILLIAMS. He has never slapped or punched an inmate with a closed fist. He remembers IM BRANDON WOMACK, one morning he had just taken over shift and IM WOMACK was in the holding cell in ID. He asked IM WOMACK what he was doing in there and IM WOMACK told him that SGT. WRIGHT had sent him to ID because he was supposedly being disrespectful. SGT. WRIGHT hadn't said anything to him (LT. HURST) before she left so he told IM WOMACK to go back to the building. He doesn't know what happened to him after that. When IM WOMACK left ID he was fine. He went to the Chow Hall and began to run chow on the East side. It was around 06:10 or 06:15 when he seen IM WOMACK in ID, it was after briefing. He doesn't know how he got a black eye or bruises. IM WOMACK said he fell down the stairs. He never touched him and Officer MOSLEY never touched him either. He has never offered an inmate store goods to drop a Grievance. He can't recall the last time he had to use force on an inmate.

This interview was concluded at 4:52pm. For further details, refer to the recording of this interview, which was captured using a Sony digital recorder. The recording will be saved to a CD and placed in the rear of this case file. No further action was taken at this time.

**PROPERTY OF GDC**
Further Dissemination is Prohibited
Without the Written Consent of an OPS Supervisor

Revision 1

Exhibit /5

# GEORGIA DEPARTMENT OF CORRECTIONS
# OFFICE OF PROFESSIONAL STANDARDS
# INVESTIGATIVE CASE SUMMARY

**2017-684**

On, Wednesday, September 27th, 2017, SPECIAL AGENT TIMOTHY PHILLIPS and SPECIAL AGENT BRYAN RENTZ were located at the Wrightsville Police Department located in Wrightsville, Johnson County, Georgia for the purpose of interviewing Lieutenant JASON HURST. During this interview, which began at 04:33 p.m., JASON HURST provided essentially the following:

JASON HURST denied all allegations that he was questioned about during this interview. HURST stated that he has never used unnecessary, excessive, or undocumented force on anyone nor has he ever witnessed another staff member do so. The inmates are all making up these allegations because the CERT team has been confiscating their illegal contraband.

This interview was concluded at 4:52 p.m. For further details refer to the full audio recording of this interview, which has been stored on a disk and is included with this case file.

**ATTACHMENTS:**
Waiver of Rights Form

**ID DATA:**
JASON HURST
EID# 00848742

SPECIAL AGENT BRYAN RENTZ 09-27-2017

## PROPERTY OF GDC
Further Dissemination is Prohibited
Without the Written Consent of an OPS Supervisor

Revision 1                                                                    Exhibit